# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIZHPE LUIS,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | Case No. 1:26-cv-02578-JLT-SAB-HC<br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DENY RESPONDENTS' MOTION TO DISSOLVE NO-TRANSFER ORDER AND MOTION TO DISMISS AS MOOT<br>(ECF Nos. 1, 8, 12)<br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br>(ECF No. 2) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On March 12, 2026, an immigration judge ("IJ") granted Petitioner pre-conclusion voluntary departure under section 240B(a) of the Immigration and Nationality Act ("INA"). The IJ ordered Petitioner to depart on or before June 10, 2026. (ECF No. 8-1.)

On April 6, 2026, the Court received Petitioner's petition for writ of habeas corpus and motion for temporary restraining order ("TRO") challenging his immigration detention. (ECF Nos. 1, 3.) On April 7, 2026, the assigned district judge denied the motion for TRO as untimely,

ordered that Respondent not remove Petitioner from the United States nor transfer Petitioner out of the district, and referred the matter to the undersigned. (ECF No. 6.)

On April 8, 2026, Respondent filed a motion to dissolve the no-transfer order in light of the grant of voluntary departure. (ECF No. 8.) The Court ordered that "if Petitioner wishes to proceed with voluntary departure, he shall respond to this order immediately indicating as much, and the Court will thereafter lift the no transfer/removal order. Otherwise, the Court will proceed to rule on the merits of Petitioner's habeas petition." (ECF No. 9.) On April 28, 2026, Respondent filed a motion to dismiss because "Petitioner's waiver of appeal of the voluntary departure grant constitutes acquiescence to his continued detention until his voluntary departure order can be executed." (ECF No. 12 at 2.[1]) To date, Petitioner has not indicated that he wishes to proceed with voluntary departure, and he has not filed an opposition to Respondent's motion to dismiss.

## II.

## DISCUSSION

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). "Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

On March 12, 2026, an IJ granted pre-conclusion voluntary departure under section 240B(a) of the INA, ordered Petitioner to depart on or before June 10, 2026, and further ordered that if Petitioner "fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effect: [Petitioner] shall be removed to ECUADOR on the charge(s) set forth in the Notice to Appear." (ECF No. 8-1 at 3.) Petitioner failed to depart on or before June 10, 2026. See U.S. Immigration and Customs Enforcement, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited July 22, 2026) (search of Petitioner's A-number and country of birth Ecuador shows that Petitioner is currently detained at the California City Immigration Processing Center). Petitioner's failure to depart on or before June 10, 2026 resulted in an alternate order of removal as of June 11, 2026. That alternate order of removal became administratively final at "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals," 8 U.S.C. § 1101(a)(47)(B), that is, on June 22, 2026.[2] See 8 C.F.R. § 1003.38 (2026) ("in all cases the Notice of Appeal from a Decision of an Immigration Judge (Form EOIR–26) shall be filed directly with the Board within 10 calendar days of the

[2] The ten-day appeal period ended on June 21, 2026, a Sunday, so the appeal time was extended to the next business day. 8 C.F.R. § 1003.38(b)(3) ("If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.").

Immigration Judge's decision"); Ocampo v. Holder, 629 F.3d 923, 927 (9th Cir. 2010) (holding "that the statutory definition of finality in 8 U.S.C. § 1101(a)(47) controls and trumps the regulatory definition in 8 C.F.R. § 1241.1(f)").[3]

Based on the foregoing, the alternate order of removal became administratively final on June 22, 2026, the ninety-day removal period has commenced, and the detention authority has shifted to 8 U.S.C. § 1231(a)(2). This Court has found that "[a] petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." Garcia Fernandez v. Chestnut, No. 2:26-CV-00571 JLT EPG (HC), 2026 WL 1457335, at *1 (E.D. Cal. May 22, 2026) (internal quotation marks omitted) (quoting Baires v. Lynch, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016)). "Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process." Garcia Fernandez, 2026 WL 1457335, at *1 (citing Ortega v. Warden of Golden State Annex ICE Detention Facility, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); Aguilar Garcia v. Kaiser, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025)). Accordingly, the Court recommends finding that the petition is moot.[4]

Petitioner has moved for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

---

[3] 8 C.F.R. § 1241.1(f) provides that "[i]f an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure," the alternate order of removal becomes final "upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days." 8 C.F.R. § 1241.1(f).

[4] "If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-CV-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that the petition should be dismissed as moot, the Court will deny the motion.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as moot; and
2. Respondent's motion to dissolve no-transfer order (ECF No. 8) and motion to dismiss (ECF No. 12) be DENIED as moot.

Further, Petitioner's motion for appointment of counsel (ECF No. 2) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge